UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAYAT SEPETCI,<br><br>     Plaintiff,<br><br> -against-<br><br>JOSEPH PHILBIN, JOHN FALLACE, CHRISTOPHER DIGREGORIO, MICHAEL VALENTE, RAYMOND BUTTACAVOLI, GARY BUTT, and RICHARD MULLER, all in their Individual and Official Capacities,<br><br>     Defendants. | COMPLAINT<br><br>Docket:  20-2626<br><br><br>JURY TRIAL DEMANDED |

The Plaintiff, Sayat Sepetci, complaining of the defendants through his attorney Alexander Klein, Esq., of Barket Epstein Kearon Aldea & LoTurco, LLP, respectfully shows to this Court and alleges that he was deprived of his civil rights and sustained injury as a result of this deprivation.

## INTRODUCTION

1. This case involves the brutal beating of a defenseless 43 year-old man who had come under arrest because, after investigating a parking violation, police suspected that he had a small amount of marijuana in his car and adderall, which he was prescribed. While police claimed in sum and substance that upon their arrival he was "agitated, resisted arrest, and was fighting police," the stop is captured by video surveillance and shows no resistance at all.

2. The video shows that police handcuffed the man—the Plaintiff, Mr. Sepetci—and violently shoved him into an unmarked van, which soon thereafter housed an assault against Mr. Sepetci so violent that the vehicle itself began shaking. This violence continued back at the precinct, where a group of armed police officers—including Defendant Joseph Philbin, Defendant

1

John Fallace, and others—engaged in a gang-style assault on Mr. Sepetci so brutal that it left him hospitalized with injuries to his body, eyes, face, hand, and brain.

3. Knowing that they had violated Mr. Sepetci's rights and broken the law, the Defendants took a series of steps to play defense through offense. First they delivered Plaintiff to the hospital with a completely falsified story of what led to his injuries. Then they charged Plaintiff with a series of crimes to track their falsified narrative—charges like "resisting arrest." Finally, based upon these fabrications, Defendant Philbin brought a personal injury suit in civil court against Mr. Sepetci.

4. However, all of these measures have proven counterproductive. The Defendants' false narrative is provably false by virtue of a surveillance video. The criminal charges against Mr. Sepetci have all been dismissed. And the civil suit against him has already been dismissed once, though he has initiated the case a second time.

[Remainder of page intentionally left blank.]

5. Ultimately, these tactics have not facilitated the cover up of the assault that the Defendants intended. They have instead highlighted the Defendants' consciousness of guilt. This guilt is corroborated by video evidence, Mr. Sepetci's credible account of the assault, his medical records, and pictures like this one:



6. Through this action, Mr. Sepetci seeks remedies in Court for the excessive force he suffered at the hands of the Defendants in violation of his constitutional rights under the Fourth and Fourteenth Amendments.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the claims in this action arise under 42 U.S.C. § 1983.

8. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the claims arose, and in which the Defendants resided or conducted business.

## PARTIES

9. Plaintiff, Sayat Sepetci, is a resident of Nassau County, New York, and was assaulted and battered by the Defendants in this action.

10. Defendant Joseph Philbin was at all relevant times a police officer in the Nassau County Police Department acting under color of state law. He is a named party here because he administered excessive force against the Plaintiff and failed to intervene to prevent or stop the constitutional violations against Plaintiff from continuing. He is sued here in both his personal and professional capacities.

11. Defendant John Fallace was at all relevant times a police officer in the Nassau County Police Department acting under color of state law. He is a named party here because he administered excessive force against the Plaintiff and failed to intervene to prevent or stop the constitutional violations against Plaintiff from continuing. He is sued here in both his personal and professional capacities.

12. Defendant Christopher DiGregorio was at all relevant times a police officer in the Nassau County Police Department acting under color of state law. He is a named party here because he administered excessive force against the Plaintiff. He is sued here in both his personal and professional capacities.

13. Defendant Raymond Buttacavoli was at all relevant times a police officer in the Nassau County Police Department acting under color of state law. He is a named party here because he administered excessive force against the Plaintiff and failed to intervene to prevent or stop the constitutional violations against Plaintiff from continuing. He is sued here in both his personal and professional capacities.

14. Defendant Gary Butt was at all relevant times a police officer in the Nassau County Police Department acting under color of state law. He is a named party here because he administered excessive force against the Plaintiff and failed to intervene to prevent or stop the constitutional violations against Plaintiff from continuing. He is sued here in both his personal and professional capacities.

15. Defendant Richard Muller was at all relevant times a police officer in the Nassau County Police Department acting under color of state law. He is a named party here because he administered excessive force against the Plaintiff and failed to intervene to prevent or stop the constitutional violations against Plaintiff from continuing. He is sued here in both his personal and professional capacities.

16. Defendant Michael Valente was at all relevant times a sergeant in the Nassau County Police Department acting under color of state law. He is a named party here because he administered excessive force against the Plaintiff. He is sued here in both his personal and professional capacities.

## FACTS

17. On September 14, 2018, Sayat Sepetci pulled into the parking lot of a 7-11 store located at or around 3615 Merrick Road in Seaford, New York ("the 7-11").

18. He had parked his car in a handicapped space.

19. Defendant DiGregorio responded to the scene of the 7-11 parking lot and began investigating Mr. Sepetci.

20. Defendant Fallace responded to the scene of the 7-11 parking lot and began investigating Mr. Sepetci.

21. Defendant Valente responded to the scene of the 7-11 parking lot and began investigating Mr. Sepetci.

22. Non-party Police Officer Hayden responded to the scene of the 7-11 parking lot and began investigating Mr. Sepetci.

23. Non-party Officer Hayden claimed to have found marijuana and Adderall in Mr. Sepetci's vehicle.

24. Mr. Sepetci is prescribed Adderall.

25. Mr. Sepetci was told to exit his vehicle.

26. Mr. Sepetci complied.

27. Mr. Sepetci was taken toward the back of his car, where he stood without physical resistance.

28. Mr. Sepetci was placed in handcuffs.

29. Defendant DiGregorio shoved Plaintiff into the back seat of a van.

30. While Plaintiff was still handcuffed, Defendants DiGregorio and Valente assaulted Plaintiff in the back of the van.

31. Plaintiff was taken to the 7th Precinct ("the Precinct"), which was across the street from the 7-11.

32. At the Precinct, Plaintiff was assaulted by several police officers at once—including Defendants Philbin, Fallace, Buttacavoli, Muller , and Butt, among others.

33. Plaintiff suffered serious physical injuries, including but not limited to a fractured nose, as well as injuries to his brain, head, hand, eyes body, and spine.

**CAUSES OF ACTION:**

**FIRST: EXCESSIVE FORCE
AS AGAINST DEFENDANTS DIGREGORIO AND VALENTE**

34. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

35. Defendants DiGregorio and Valente used physical force against Plaintiff in and around the police van in the 7-11 parking lot.

36. The degree of force administered by Defendants DiGregorio and Valente, and against Plaintiff, was greater than necessary under the totality of circumstances.

37. The degree of force administered by Defendants DiGregorio and Valente, and against Plaintiff, was unreasonable.

38. Physical force against Plaintiff was not needed: by the time Defendants DiGregorio and Valente administered this force, Plaintiff was already handcuffed and was not resisting.

39. Even if force were needed, which it was not, the degree of force against Plaintiff was grossly excessive—including shoving Plaintiff into a police van and punching him once inside.

40. The force used against Plaintiff was done for the very purpose of causing harm, as it served no valid disciplinary purpose.

41. The degree of force administered against Plaintiff by Defendants DiGregorio and Valente violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Plaintiff suffered physical injuries to his face, head, brain, hand, spine, and eyes in the assault, as well as emotional distress.

43. He is entitled to compensatory and punitive damages, as well as attorneys' fees under 42 U.S.C. Section 1988(b).

## SECOND: EXCESSIVE FORCE
## AS AGAINST DEFENDANTS PHILBIN, FALLACE, BUTT, MULLER, AND BUTTACAVOLI

44. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

45. Defendants Philbin, Fallace, Butt, Muller, and Buttacavoli used physical force against Plaintiff inside the Precinct.

46. The degree of force administered by Defendants Philbin, Fallace, Butt, Muller, and Buttacavoli, and against Plaintiff, was greater than necessary under the totality of circumstances.

47. The degree of force administered by Defendants Philbin, Fallace, Butt, Muller, and Buttacavoli, and against Plaintiff, was unreasonable.

48. Physical force against Plaintiff was not needed: by the time Defendants Philbin, Fallace, Butt, Muller, and Buttacavoli administered this force, Plaintiff was already inside the Precinct and was not resisting.

49. Even if force were needed, which it was not, the degree of force against Plaintiff was grossly excessive—including punching and assaulting Plaintiff for several minutes as he took defensive cover.

50. The force used against Plaintiff was done for the very purpose of causing harm, as it served no valid disciplinary purpose.

51. The degree of force administered against Plaintiff at the Precinct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

52. Plaintiff suffered physical injuries to his face, head, brain, hand, spine and eyes in the assault, as well as emotional distress.

53. He is entitled to compensatory and punitive damages, as well as attorneys' fees under 42 U.S.C. Section 1988(b).

### THIRD: FAILURE TO INTERVENE
### AS AGAINST DEFENDANTS PHILBIN, FALLACE, BUTT, MULLER, AND BUTTACAVOLI

54. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

55. A constitutional violation was being committed against the Plaintiff—namely, the use of excessive force against him at the Precinct in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

56. Defendants Philbin, Fallace, Butt, Muller, and Buttacavoli knew that the excessive force constitutional violation against Plaintiff was being committed.

57. Defendants Philbin, Fallace, Butt, Muller, and Buttacavoli had a reasonable opportunity to prevent the harm against Plaintiff at the Precinct, as they were present the physical assault, which lasted several minutes, and could have protected the Plaintiff or convinced the other defendants to stop the vicious beating.

58. Defendants Philbin, Fallace, Butt, Muller, and Buttacavoli did not take reasonable steps to intervene, including making no effort to offer physical protection to Plaintiff or to convince the other Defendants to cease viciously beating the defenseless Plaintiff.

59. Plaintiff suffered physical injuries to his face, head, brain, hand, spine and eyes in the assault, as well as emotional distress.

60. He is entitled to compensatory and punitive damages, as well as attorneys' fees under 42 U.S.C. Section 1988(b).

**WHEREFORE**, Plaintiff prays for relief as follows:

A. That the Court award compensatory damages to Plaintiff and against the defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to Plaintiff, and against all defendants, in an amount to be determined at trial that will deter such conduct by defendants in the future;

C. That the Court award attorney's fees pursuant to 42 U.S.C. § 1988;

D. For a trial by jury;

E. For a pre-judgment and post-judgment interest and recovery of their costs; and

F. For any and all other relief to which they may be entitled.

Dated: Garden City, New York
June 11, 2020

**BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP**

By: _____
Alexander Klein, Esq.
666 Old County Road, Suite 700
Garden City, N.Y. 11530
(516) 745-1500